UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAQUAY HILER,
        Plaintiff,

v.                                                   Case No. 07-C-863

WILLIAM POLLARD, DR. MARTHA BREEN,
and DR. DAVID WOOD,
        Defendants.

## ORDER

      Plaintiff JaQuay Hiler, who is incarcerated at the Jackson Correctional Institution, lodged a pro se civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on plaintiff's petition to proceed in forma pauperis.

      Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff is required to pay the statutory filing fee of $350.00 for this action. If a prisoner does not have the money to pay the filing fee, he or she can request leave to proceed in forma pauperis. To proceed with an action in forma pauperis, the prisoner must complete a petition and affidavit to proceed in forma pauperis and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from plaintiff at the time the action is filed an initial partial filing fee of 20% of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.

      In this case, plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. The prisoner has

been assessed and paid an initial partial filing fee of $3.69. He also made a partial payment of $3.69.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). It is not necessary for the plaintiff to plead specific facts; his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, __ U.S. __, 127 S. Ct. 2197, 2200 (2007) (citations omitted). In deciding whether the complaint states a claim, the court must accept as true all of the factual allegations contained in the complaint. Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S.

2

Ct. 1955, 1965 (2007). There is no heightened pleading requirement for pro se prisoner civil rights complaints. Thomson v. Washington, 362 F.3d 969, 970-71 (7th Cir. 2004). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." Id. at 970.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: 1) that he or she was deprived of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was visited upon the plaintiff by a person acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. See Erickson, 127 S. Ct. at 2200 (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Plaintiff alleges that in January 2005, under the direction of defendant Warden William Pollard and while he was incarcerated at Green Bay Correctional Institution (GBCI), "[a]n illegally placed monitoring and recording device - the 2020 Neural chip was placed into my body without my consent or knowledge." (Compl. at ¶ IV.A.) Plaintiff asserts that the "defendants have subsequently used the chip to monitor and record as well as manipulate my bodily functions such as my thoughts and feelings." Id. These things have had the effect of torturing plaintiff "in explicit and painfully embarrassing ways." Id. Plaintiff further alleges that while in segregation at GBCI for four and a half months, he was denied any opportunity to participate in outside recreation. As a result of the denial of outside "interactions with other inmates, disorganized behavior started to emerge, internal impulses linked with anger, fear and other strong emotions grew to overwhelming proportions." (Compl. at ¶ IV.B.)

3

"A claim is factually frivolous if its allegations are bizarre, irrational or incredible." Edwards v. Snyder, 478 F.3d 827, 830 (7th Cir. 2007) (citing Gladney v. Pendleton Corr. Facility, 302 F.3d 773, 774 (7th Cir. 2002)); cf. Neitzke v. Williams, 490 U.S. 319, 327 (1989) (a claim is factually frivolous under § 1915 if it is "clearly baseless"); Denton v. Hernandez, 504 U.S. 25, 33 (1992) (explaining that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"). In Gladney, 302 F.3d at 774, the complaint alleged that on numerous occasions over a span of three years unnamed guards to three different prisons unlocked the door to the plaintiff's cell while he was asleep, allowing inmates to come in and drug and sexually assault him. The plaintiff allegedly slept through these outrages and one day he noticed a needle mark under his lip. Id. When the plaintiff visited the prison infirmary to have the mark attended to, the medical personnel claimed not to see the mark because they were trying to make him think that he was delusional. Id.

In the present case, plaintiff's claim that the defendants placed a 2020 Neural chip in his body to monitor and manipulate his body functions is "wholly incredible." Denton, 504 U.S. at 33. I am confident that such a chip does not exist and, even if it did, the Wisconsin Department of Corrections would have no incentive to use it against its wards and, moreover, its likely cost and complexity would surely preclude the DOC from doing so. Thus, plaintiff's claim related to the chip will be dismissed as factually frivolous.

To state an Eighth Amendment claim, a complaint need only state the "legal claim and provide 'some indication of time and place.'" Christopher v. Buss, 384 F.3d 879, 881 (7th Cir. 2004) (quoting Thomson v. Washington, 362 F.3d 969, 970-71 (7th Cir. 2004)). Restrictions on exercise can amount to a constitutional violation. See Delaney v. DeTella,

256 F.3d 679, 683-84 (7th Cir. 2001) (six-month denial of exercise because of prison lock down was serious deprivation); Pearson v. Ramos, 237 F.3d 881, 884 (7th Cir. 2001) (observing that denial of out-of-cell exercise for more than 90 days can constitute cruel and unusual punishment); Antonelli v. Sheahan, 81 F.3d 1422, 1432 (7th Cir. 1996) (noting that extreme and prolonged lack of exercise may "rise to a constitutional violation"); Anderson v. Romero, 72 F.3d 518, 527 (7th Cir. 1995) (identifying the denial of all opportunity for out-of-cell exercise as a possible Eighth Amendment violation). Plaintiff's allegation that he was denied outside exercise for four and a half months is sufficiently serious to state a claim under the Eighth Amendment.

However, plaintiff has not identified any defendant personally involved in his Eighth Amendment claim. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: 1) that he or she was deprived of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was visited upon the plaintiff by a person acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). However, § 1983 does not create a claim based on collective or vicarious responsibility. See Pacelli v. deVito, 972 F.2d 871, 875 (7th Cir. 1992). An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation. Sheik-Abdi v. McClellan, 37 F.3d 1240, 1248 (7th Cir. 1994); Rascon v. Hardiman, 803 F.2d 269, 273 (7th Cir. 1986). An official is personally involved if: a) he or she participates directly in the constitutional deprivation, b) acts or fails to act with reckless disregard of the plaintiff's constitutional rights, or c) the conduct that deprived the plaintiff of his constitutional rights occurred at the official's direction or with his or her knowledge and consent. Rascon, 803 F.2d at 274; Smith v.

Rowe, 761 F.2d 360, 369 (7th Cir. 1985); Crowder v. Lash, 687 F.2d 996, 1005 (7th Cir. 1982).

If plaintiff wishes to proceed on his Eighth Amendment denial of outside exercise claim, he must file an amended complaint identifying the defendants who he asserts caused the alleged constitutional violation. Such amended complaint must be filed on or before **January 11, 2008**. Failure to file an amended complaint within this time period may result in dismissal of this claim.

The amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84, 133 F.3d 1054, 1056 (7th Cir. 1998). In Duda, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." Id. (citations omitted). If an amended complaint is received, it will be screened pursuant to 28 U.S.C. § 1915A.

**Therefore,**

**IT IS ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket #2) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **January 11, 2008**, plaintiff shall file an amended complaint curing the defect in the original complaint as described herein. Failure to file an amended complaint may result in dismissal of this action with prejudice.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from plaintiff's prison trust account the $342.62 balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Dated at Milwaukee, Wisconsin, this 14 day of December, 2007.

/s_____

LYNN ADELMAN
District Judge