# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JAQUAY HILER,
        Plaintiff,

     v.                                    Case No. 07-C-863

WILLIAM POLLARD, PETER ERICKSON
LT. SWIEKATOWSKI, and CAPTAIN SCHULTZ,
        Defendants.

## DECISION AND ORDER

Plaintiff, who is currently incarcerated at the Waupun Correctional Institution, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983 and was granted leave to proceed in forma pauperis. Plaintiff is proceeding on a claim that he was denied outside recreation for four-and-one-half months in violation of the Eighth Amendment to the United States Constitution. Defendants have filed a motion for summary judgment which will be addressed herein.

## I. SUMMARY JUDGMENT STANDARD

Summary judgment is required "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The mere existence of some factual dispute does not defeat a summary judgment motion; "the requirement is that there be no <u>genuine</u> issue of <u>material</u> fact." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). For a dispute to be genuine, the evidence must be such that a "reasonable jury could return a verdict for the nonmoving party." <u>Id.</u> For a fact to be material, it must relate to a matter that "might affect the outcome of the suit." <u>Id.</u>

The moving party bears the initial burden of demonstrating that he is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). When the moving party seeks summary judgment on the ground that there is an absence of evidence to support the non-moving party's case, the moving party may satisfy his initial burden simply by pointing out the absence of evidence. Id. at 325. Once the moving party's initial burden is met, the nonmoving party must "go beyond the pleadings" and designate specific facts to support each element of the cause of action, showing a genuine issue for trial. Id. at 322-23. Neither party may rest on mere allegations or denials in the pleadings, Anderson, 477 U.S. at 248, or upon conclusory statements in affidavits, Palucki v. Sears, Roebuck & Co., 879 F.2d 1568, 1572 (7th Cir. 1989). In considering a motion for summary judgment, the court may consider any materials that would be admissible or usable at trial, including properly authenticated and admissible documents. Woods v. City of Chicago, 234 F.3d 979, 988 (7th Cir. 2000). It must draw all inferences in a light most favorable to the nonmoving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). However, the court is "not required to draw every conceivable inference from the record – only those inferences that are reasonable." Bank Leumi Le-Israel, B.M. v. Lee, 928 F.2d 232, 236 (7th Cir. 1991).

## II. FACTS

At all times relevant to this action, plaintiff was an adult inmate incarcerated within the Wisconsin State Prison System at the Green Bay Correctional Institution (GBCI). According to the amended complaint, plaintiff lost recreation privileges from February 24, 2005 to May 26, 2005, which contributed to the deterioration of his mental state and

2

Case 2:07-cv-00863-LA   Filed 01/27/09   Page 2 of 7   Document 37

subsequent transfer to the Wisconsin Resource Center.[1] Plaintiff alleges that defendants knew that he lost recreation for that period of time and failed to take proper action to correct the situation.

Tom Gozinske is an adult resident of the State of Wisconsin and employed by the Wisconsin Department of Corrections ("DOC") as a corrections complaint examiner whose duties and responsibilities are defined in the Wisconsin Administrative Code, Chapter DOC 310. Mr. Gozinske is the custodian of the regularly conducted business records of his office.

According to Mr. Gozinske, in order to exhaust administrative remedies an inmate must follow the procedures outlined in Wis. Admin. Code § DOC 310.05. That is, he must file a complaint, receive a decision on the complaint, have an adverse decision reviewed, and be advised of the Secretary's decision. (Gozinske Aff. ¶ 3.)

Mr. Gozinske avers that it is his understanding that plaintiff is alleging that he was not allowed outdoor recreation at GBCI while he was in segregation status. (Gozinske Aff. ¶ 4.) Mr. Gozinske further avers that based on his examination of the regularly conducted business records of his office, he has ascertained that plaintiff "has not filed any complaints that may relate to the allegations asserted in this lawsuit." (Gozinske Aff. ¶ 5.) He attaches a copy of plaintiff's Inmate Complaint History Report, which reflects that plaintiff has exhausted three inmate complaints since the start of his incarceration. (Gozinske Aff. ¶ 5, Ex. A.) The three inmate complaints, dated September 22, 2000, August 13, 2007,

---

[1] The Wisconsin Resource Center is "a correctional institution that provides psychological evaluations, specialized learning programs, training and supervision for inmates whose behavior presents a serious problem to themselves or others in state prisons and whose mental health needs can be met at the center." Wis. Stat. 46.056(1).

3

and September 10, 2007, are also attached. (Gozinske Aff. ¶ 5, Exs. B-D.) Gozinske avers that plaintiff has not exhausted administrative remedies available to him.

### III. ANALYSIS

Defendants contend that plaintiff's claim should be dismissed because he failed to exhaust his administrative remedies before filing suit. In response, plaintiff asserts that on November 4, 2007, he filed an appeal to the corrections complaint examiner following the dismissal of inmate complaint JCI-2007-26764 and that his appeal raised the issue of denial of recreation for four months while in segregation at GBCI.

The Prison Litigation Reform Act of 1995 (PLRA), Pub.L. 104-134, 110 Stat. 1321 (1996), provides in pertinent part that

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is a condition precedent to suit. Dixon v. Page, 291 F.3d 485, 488 (7th Cir. 2002) (citing Perez v. Wis. Dep't of Corr., 182 F.3d 532, 535 (7th Cir. 1999)). Section 1997e applies to "all inmate suits, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). The PLRA exhaustion requirement requires "proper exhaustion," meaning that a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines. Woodford v. Ngo, 548 U.S. 81, 90-91 (2006); see also Pozo v. McCaughtry, 286 F.3d 1022, 1023 (7th Cir. 2002) ("To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules

4

require"). Exhaustion is an affirmative defense, and the burden of proof is on the defendants. Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006) (citing Dale v. Lappin, 376 F.3d 652, 655 (7th Cir. 2004)).

In Wisconsin prisons, the Inmate Complaint Review System ("ICRS") is the administrative remedy available to inmates with complaints about prison conditions or the actions of prison officials. Wis. Admin. Code § DOC 310.01(2)(a). The Wisconsin Administrative Code specifically provides that before an inmate may commence a civil action, the inmate shall exhaust all administrative remedies that the DOC has promulgated by rule. Wis. Admin. Code § DOC 310.05. The ICRS is available for inmates to "raise significant issues regarding rules, living conditions, staff actions affecting institution environment, and civil rights complaints." Wis. Admin. Code § DOC 310.08(1).

In order to use the ICRS, an inmate must file a complaint with the inmate complaint examiner at his or her institution within fourteen days after the occurrence giving rise to the complaint. Wis. Admin. Code §§ DOC 310.07(1) & 310.09(6). Complaints submitted later than fourteen days after the event may be accepted for good cause. Wis. Admin. Code § DOC 310.09(6). After reviewing and acknowledging each complaint in writing, the inmate complaint examiner either rejects the complaint or sends a recommendation to the "appropriate reviewing authority." Wis. Admin. Code §§ DOC 310.11(2) & 310.11(11). The appropriate reviewing authority makes a decision within ten days following receipt of the recommendation. Wis. Admin. Code § DOC 310.12. Within ten days after the date of the decision, a complainant dissatisfied with a reviewing authority decision may appeal that decision by filing a written request for review with the Corrections Complaint Examiner ("CCE"). Wis. Admin. Code § DOC 310.13(1). The CCE reviews the appeal and makes

5

a recommendation to the Secretary of the DOC. Wis. Admin. Code § DOC 310.13(6). The Secretary may accept, adopt, or reject the CCE's recommendation, or return the appeal to the CCE for further investigation. Wis. Admin. Code § DOC 310.14(2).

In this case, plaintiff argues that he did in fact exhaust his administrative remedies because he raised the denial of recreation issue in an appeal to the CCE following the dismissal of an unrelated inmate complaint, Complaint No. JCI-2007-26764. However, in order to exhaust under the ICRS, an inmate must first raise the issue by filing an inmate complaint at the institution level. See Wis. Admin. Code §§ 310.07(1), 310.09(1). It follows that an issue raised for the first time in an appeal to the CCE is not an exhausted issue. Plaintiff has therefore failed to exhaust administrative remedies with respect to his recreation claim, see Pozo v. McCaughtry, 286 F.3d at 1023, and defendants' motion for summary judgment will be granted.

On January 20, 2009, plaintiff filed a motion to appoint counsel. However, because the record clearly shows that plaintiff has failed to exhaust his administrative remedies and that this case must be dismissed, I find that the presence of counsel would not make a difference in the outcome. Therefore, plaintiff's motion to appoint counsel will be denied.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that defendants' motion for summary judgment (Docket #22) is **GRANTED**.

**IT IS FURTHERED ORDERED** that plaintiff's motion to appoint counsel (Docket #36) is **DENIED**.

**FINALLY, IT IS ORDERED** that the Clerk of Court enter judgment dismissing this action.

Dated at Milwaukee, Wisconsin, this 26 day of January, 2009.

/s
LYNN ADELMAN
District Judge